# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| KENDON AUSTIN, *Individually,* *and on behalf of all Others similarly* *situated,* | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No. 1:21-cv-01354-TWT |
| N3 LLC d/b/a N3 RESULTS; and ACCENTURE LLP, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STIPULATION TO AMEND SETTLEMENT AGREEMENT

Plaintiff Kendon Austin ("Plaintiff") and Defendants N3 LLC ("N3") and Accenture LLP ("Accenture") (collectively the "Parties") submit this Joint Stipulation and proposed order to amend the Parties' FLSA Collective Action Settlement Agreement and Authorizing Notice of Settlement to the Putative Class (the "Agreement") (ECF No. 74-1) which the Court approved on May 24, 2022 in its Order Approving Settlement and Dismissing Lawsuit With Prejudice (ECF No. 75), based on the following:

1.     During the settlement administration process, the Parties became aware of a clerical error in Paragraph 7 of the Agreement which currently states: "'Collective Period' means the period from March 25, 2019 through the date the Court grants Final Approval of the Settlement."

2.     Through meet and confer efforts, the Parties have agreed that Paragraph 7 should be amended to state: "'Collective Period' means the period from March 25, 2019 (or for Plaintiff and the Current Opt-In Plaintiffs from three (3) years prior to the date the individual opted in to the Action) through the date the Court grants Final Approval of the Settlement."

3.     The Parties have also updated the Notice of Collective Action Settlement and Current Opt-In Notice Form consistent with the amendment described herein. A true and correct copy of the revised Notice of Collective Action with changes in redline is attached hereto as Exhibit A and a true and correct copy of the Current Opt-In Notice Form with changes in redline is attached hereto as Exhibit B.

4.     The Parties also stipulate that the deadline to mail the Notice of Settlement, Current Opt-In Notice Form, and the Consent to Join/Claim Form shall be three (3) business days after the Court approves this Joint Stipulation and enters the proposed order submitted herewith.

-2-

5.      The Parties therefore request that the Court approve this Joint Stipulation and enter the proposed order submitted herewith.


Respectfully submitted this 8th day of July, 2022.

/s/ *Benjamin L. Williams*

Benjamin L. Williams
Williams Law PA
464 Sturdivant Ave
Atlantic Beach, FL 32233
Telephone: (904) 515-7840

Counsel for Plaintiff

/s/*Joan B. Tucker Fife*

Joan B. Tucker Fife (admitted *pro hac vice*)
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, California 94111-5840
Telephone:  (415) 591-1513
Facsimile:   (415) 591-1400
JFife@winston.com

Counsel for Defendant Accenture LLP
Counsel for Defendant N3 LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KENDON AUSTIN, *Individually, and on behalf of all Others similarly situated,* | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action File No. 1:21-cv-01354-TWT |
| N3 LLC d/b/a N3 RESULTS; and ACCENTURE LLP, | ) ) ) | |
| Defendant. | ) ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2022, I electronically filed the foregoing

**<u>JOINT STIPULATION TO AMEND SETTLEMENT AGREEMENT</u>** with the

Clerk of Court using the CM/ECF system, which will automatically send email

notification of such filing to the following attorneys of record:

<u>Attorneys for Plaintiff Kendon Austin</u>
Mitchell L. Feldman
Feldman Legal Group
1201 N. Peachtree Street, NE
400 Colony Square, #200
Atlanta, GA  30361
(813) 639-9366 (office)

Benjamin L. Williams
Williams Law PA
464 Sturdivant Ave
Atlantic Beach, FL 32233
Telephone: (904) 515-7840

<u>Attorneys for Defendants Accenture LLP and N3, LLC</u>
Allegra J. Lawrence
Katherine L. Kendricks
Lawrence & Bundy LLC
1180 West Peachtree Street, NW
Suite 1650
Atlanta, GA 30309
Telephone: (404) 400-3350
Facsimile: (404) 609-2504

Tristan R. Kirk
Winston & Strawn LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Tiana E. Pequette
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-7236
Facsimile: (312) 558-5700
tpequette@winston.com

<u>/s/ *Joan B. Tucker Fife*</u>
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, California 94111-5840
Telephone: (415) 591-1513
Facsimile: (415) 591-1400

-5-

jfife@winston.com

*Counsel for Defendant Accenture LLP*
*and Defendant N3 LLC*

# EXHIBIT A

### NOTICE OF COLLECTIVE ACTION SETTLEMENT

***Austin, et al. v. N3 LLC, et al.***, Case No. 1:21-cv-01354-TWT (United States District Court for the Northern District of Georgia) (the "Action")

**TO:** <u>NAMED PLAINTIFF[1] AND CURRENT OPT-IN PLAINTIFFS[2]</u>

**YOU ARE ENTITLED TO PAYMENT FROM A COLLECTIVE ACTION SETTLEMENT AND ARE BOUND BY THE TERMS OF THE COLLECTIVE ACTION SETTLEMENT INCLUDING THE RELEASE OF CLAIMS UNDER THE COLLECTIVE ACTION SETTLEMENT.**

**YOU WILL RECEIVE AN ESTIMATED AMOUNT OF $_____.**

**PLEASE READ THIS NOTICE CAREFULLY:**
**THIS NOTICE OF COLLECTIVE ACTION SETTLEMENT AND ITS CONTENT HAVE BEEN APPROVED BY THE HONORABLE THOMAS W. THRASH JR. OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.**

**THIS IS NOT AN ADVERTISEMENT. YOU ARE <u>NOT</u> BEING SUED.**

| 1. | Why Did You Get This Notice? |
|---|---|

A collective action settlement (the "Settlement") has been reached in the civil lawsuit entitled *Austin, et al. v. N3 LLC, et al.*, Case No. 1:21-cv-01354-TWT (United States District Court for the Northern District of Georgia (the "Court")) (the "Lawsuit"). The Court granted Final Approval of the Settlement pursuant to the Fair Labor Standards Act ("FLSA") on May 24, 2022.

> **Deleted:** [INSERT DATE OF FINAL APPROVAL]

You received this Notice of Collective Action Settlement (the "Notice") because you previously opted in and/or joined the Lawsuit. You are therefore a Participating Collective Member[3] and are bound by the terms of the Settlement (including but not limited to the release of the Released Collective Claims (as defined below)) and have agreed to not opt out of the Settlement.

| 2. | Why Should You Read This Notice? |
|---|---|

As a Participating Collective Member, you are entitled to compensation under the Settlement because you have already opted in and/or joined this Action and agreed to not opt out of the Settlement. The purpose of this Notice is to: (1) describe the Lawsuit; and (2) inform you of the terms of the Settlement.

---

[1] "Named Plaintiff" means Plaintiff Kendon Austin.
[2] "Current Opt-In Plaintiffs" means Raynaldo Hinton, Tameka Holmes, Harvey Wooten, Billy Young, Andrew Stanley, Justin Wise, D. Alfred Tubman, Melissa Kavanagh, Gerald Moore, Tara Devane-Jones, Tony Phillips, Tajai Young, Ehime Sadoh, Kimberly Moyer, Pedro E. Clavijo Howard, Dominic Rodgers, Sherryl Leverett, Guy Oden, Malena Plut, and Shalise Benjamin.
[3] Per the terms of Court-approved Settlement, "Participating Collective Members" means the Named Plaintiff, the Current Opt-In Plaintiffs, and all Collective Members who submit a valid Consent to Join/Claim Form to the Settlement Administrator by the Response Deadline (or Final Response Deadline as applicable) and which is subsequently filed with the Court by Collective Counsel, consistent with the terms set forth in the Settlement. All Participating Collective Members are bound by all the terms of the Settlement, including those pertaining to the Released Collective Claims as well as the judgment that entered by the Court after it granted Final Approval of the Settlement.

| 3. | What Is the Lawsuit About? |
|---|---|

The Lawsuit alleges that, during the applicable time period, Defendants N3 LLC ("N3") and Accenture LLP ("Accenture") (collectively, "Defendants") failed to pay Collective Members[4] for alleged off-the-clock work that resulted in unpaid overtime and failed to properly calculate the regular rate of pay for overtime purposes by not including bonuses paid to Collective Members in the regular rate calculation.

The Lawsuit was filed by Plaintiff Kendon Austin ("Plaintiff") on April 4, 2021 and seeks recovery of unpaid wages, liquidated damages, and attorneys' fees and costs. The claims in the Lawsuit are brought under the FLSA.

Defendants contend that the wage and hour policies and practices at issue, including those regarding payment for time worked, overtime pay, and calculation of the regular rate are lawful and have been lawful throughout the relevant time period. Defendants also contend that Plaintiff's claims do not meet the requirements for collective action treatment.

This Settlement is the result of good faith, arm's length negotiations between Plaintiff and Defendants, through their respective attorneys. This Settlement is a compromise and is not an admission of liability on the part of Defendants. By agreeing to settle, Defendants do not admit, and expressly deny, liability on any of the factual allegations and/or claims in the Lawsuit.

The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.

| 4. | What Is the Formula for Calculating My Estimated Individual Settlement Amount? |
|---|---|

Under the Settlement, a formula was agreed to, and approved by the Court, which calculates and apportions Individual Settlement Payments based upon each Collective Member's pro-rata share of the overall wages paid to the Collective Members while working in a Collective Position[5] during the period from March 25, 2019 (or for Plaintiff and the Current Opt-In Plaintiffs from three (3) years prior to the date the individual opted in to the Action) to May 24, 2022 (the "Collective Period").

To determine each Collective Member's estimated Individual Settlement Payment: a) first, the total wages and bonuses paid to all Collective Members while working in a Collective Position during the Collective Period were calculated (the "Collective Period Wages"); b) second, each Collective Member's individual wages and bonuses earned during the Collective Period while working in a Collective Position were tallied (the "Individual Wages"); c) third, each Collective Member's Individual Wages were then divided by the Collective Period Wages to create a pro-rata, percentage for each Collective Member (the "Collective Member Pro Rata Share"); and d) lastly, each Collective Member's estimated Individual Settlement Payment was calculated by multiplying each individual's Collective Member Pro Rata Share by the Net Settlement Fund.

Based on Defendants' records, your Individual Wages were $▯▯▯▯▯▯. Your Individual Wages amount represents the total wages and bonuses you earned while working for Defendants as a Business Development Representative (I, II, or III), Inside Opportunity Manager, and/or Senior Opportunity Manager based out of N3's business location in Atlanta, Georgia or remotely based within the state of Georgia during the time period from three (3) years prior to the date you filed you opted-in to the Lawsuit to May 24, 2022. Your Individual Wages amount do not include any wages or bonuses you earned in any position other than Business

> **Deleted:** March 25, 2019
>
> **Deleted:** [INSERT DATE OF FINAL APPROVAL]

---

[4] "Collective Members" means all persons who are or were previously employed by Defendants as Business Development Representatives (I, II, or III), Inside Opportunity Managers, and Senior Inside Opportunity Managers who at any time during the Collective Period: (a) worked at or were based out of N3's business location in Atlanta, Georgia; or (b) worked remotely within the state of Georgia for N3 or Accenture (to the extent Accenture becomes a successor to N3).

[5] "Collective Position" means Business Development Representative (I, II, or III), Inside Opportunity Manager, and Senior Opportunity Manager based out of N3's business location in Atlanta, Georgia or based remotely within the state of Georgia for N3 or Accenture (to the extent Accenture becomes a successor to N3).

Development Representative (I, II, or III), Inside Opportunity Manager, and/or Senior Opportunity Manager or you earned when working at and/or based out of a different location.

Using your Individual Wages, this formula results in an estimated Individual Settlement Payment to you of approximately $_____.

Because you have already opted in and/or joined this Action and agreed to not opt out of the Settlement, you are not required to submit a Consent to Join/Claim Form to receive your Individual Settlement Payment. The Consent to Join Collective Action that you filed earlier in the case provided in relevant part that: a) you were legally asserting claims against Defendants as part of the Lawsuit; and b) you authorized named plaintiff Kendon Austin and his attorneys to make decisions on your behalf concerning the Lawsuit and negotiate a binding settlement of your claims asserted against Defendants. The Settlement which was negotiated by named plaintiff Kendon Austin and his attorneys and approved by the Court provides that you are bound by the terms of the Settlement and that you will not opt out of the Settlement because you already opted in by previously submitting your Consent to Join Collective Action to the Court.

One-half of your Individual Settlement Payment amount will be treated as wages for which you will be issued an IRS Form W-2 and the other half will be treated as penalties/liquidated damages for which you will be issued an IRS Form 1099. All claimed Individual Settlement Payment amounts will be transmitted to a third-party Settlement Administrator agreed to by the Parties and approved by the Court after the response deadline has passed.

| 5. | How Will I Receive Payment for Signing the Standalone General Release Agreement? |

You previously received a Standalone General Release Agreement which you were given the option to sign in order to release all claims you have or may have against the Released Parties (as defined below) in exchange for sum of $2,500.00 in addition to your Individual Settlement Payment amount. If you signed and timely returned the Standalone General Release Agreement pursuant to the terms set forth therein, the additional sum of $2,500.00 will be added to your Individual Settlement Payment check and you are deemed to have released all claims you have or may have against the Released Parties.

One-half of the additional sum of $2,500.00 will be treated as wages for which you will be issued an IRS Form W-2 and the other half will be treated as penalties/liquidated damages for which you will be issued an IRS Form 1099.

If you chose not to sign and timely return the Standalone General Release Agreement, you will not receive the additional sum of $2,500.00. However, you will still: a) be bound by the Settlement of the Lawsuit and all its terms; b) release the Released Parties (as defined below) from the Released Collective Claims (as defined below); and c) receive an Individual Settlement Payment under the Settlement of the Lawsuit.

| 6. | What Are the Releases? |

Releases under the Settlement.  By opting into the Lawsuit and Settlement, you, on behalf of yourself and your heirs and assigns, released N3 LLC and Accenture LLP and all of their former, present or future parents, affiliates, and/or subsidiary corporations; each of the foregoing's present, former, or future owners, officers, directors, shareholders, partners, employees, insurers, reinsurers, successors, predecessors, principals, heirs, representatives, accountants, auditors, consultants, contractors, assigns, and managing agents; any and all agents, legal representatives, managing agents, and/or attorneys of all of the foregoing entities or individuals; and any entities alleged to be joint employers with N3 LLC and/or Accenture LLP (collectively, the "Released Parties") from the following rights or claims (the "Released Collective Claims"):

- Any and all claims, known or unknown, that were or could have been asserted based on any of the facts or allegations asserted in the Complaint filed in the Action on April 4, 2021, including but not limited to (i)

-3-

any and all wage and hour claims under the Fair Labor Standards Act or any state law regulating the payment of wages, including but not limited to any claim for overtime or minimum wages, (ii) any and all claims relating to the calculation of the regular rate of pay for any purpose, including overtime, (iii) claims for wages, minimum wages, straight time wages, overtime pay, or meal or rest breaks, and (iv) any and all claims for unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief;

- All claims for wages or compensation due for services; and

- All claims that are based on or relate to the purported payment or nonpayment of compensation (including but not limited to wages and overtime [including the calculation thereof]) and/or meal period or rest break violations.

By opting into the Lawsuit and Settlement, you released the Released Parties from the Released Collective Claims set forth above through [the later of: (i) the date of the Court's Final Approval of the Settlement or (ii) the date the Notice Packet is sent to Collective Members].

<u>Releases under the Standalone General Release Agreement</u>:  By signing and timely returning the Standalone General Release Agreement, you on behalf of yourself, and your heirs, executors, administrators and assigns, and each of them, fully and unconditionally released the Released Parties from and with respect to any and all charges, complaints, claims, rights, causes of action, demands, contracts, agreements and actions, including for attorneys' fees and costs whatsoever (upon any legal or equitable theory whether contractual, in tort, based on common law, based on any federal, state, or local statute or regulation or otherwise) which you ever had, now have or may have against the Released Parties, whether known or unknown, arising or which may have arisen from the beginning of time up to the date you executed the Standalone General Release Agreement (the "Individual Released Claims").

You also specifically agreed that your release is intended to be general and comprehensive in nature and that you released all claims and potential claims against the Released Parties to the maximum extent permitted by law. The Individual Released Claims include, but are not limited to, all claims, charges, demands, suits, causes or rights of action arising out of or in any way related to: (a) your employment with the Defendants and/or the termination of that employment including, without limitation, all claims for compensation or separation allowance or severance (including without limitation for any and all bonus or incentive compensation), wrongful termination, and termination in violation of public policy; (b) any claims under the Employee Retirement Income Security Act of 1974, as amended; (c) any other relationship between you and the Released Parties, causes or rights of action raised in or relating to any breach of contract or public policy or tort claims (including, but not limited to, claims for fraud, defamation, physical injury or emotional distress, violation of public policy); (d) any federal, state or local law prohibiting harassment, retaliation or discrimination on the basis of any protected characteristic including, but not limited to, race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, veteran or military status, or engagement in protected activity and/or governing wages, hours, and any and all working conditions of employment, including, without limitation, claims arising under the Family and Medical Leave Act, the Families First Coronavirus Response Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, as amended, the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended by the Older Workers Benefit Protection Act of 1990, the Lilly Ledbetter Fair Pay Act of 2009, the Equal Pay Act of 1963, as amended, the Genetic Information Nondiscrimination Act of 2008, the Workers Adjustment and Retraining Notification Act, the National Labor Relations Act, Sections 1981 through 1988 of Title 42 of the United States Code, the Employee Retirement Income Security Act of 1974, as amended, the Georgia Equal Pay Act, the Georgia Prohibition of Age Discrimination in Employment Act, and the Georgia Equal Employment for Persons with Disabilities Code, the Georgia and United States Constitutions, in each case including all amendments to the foregoing; and (e) any and all other federal, state and local laws, acts, orders, regulations, or obligations regulating the employment relationship between the Parties, or by reason of any matter, cause or thing whatsoever, whether known or unknown.

-4-

Regardless of whether you choose to sign and timely return the Standalone General Release Agreement offered to you, you will: a) be bound by the Settlement of the Lawsuit and all its terms; b) release the Released Parties from the Released Collective Claims; and c) receive an Individual Settlement Payment under the Settlement of the Lawsuit.

| 7. | Who Are the Attorneys Representing the Parties in the Lawsuit? |
|----|----|

Plaintiff, Current Opt-In Plaintiffs, and Collective Members are represented by the following attorneys acting as Collective Counsel:

Mitchell L. Feldman
**FELDMAN LEGAL GROUP**
6916 W. Linebaugh Avenue, Suite 101
Tampa, Florida 33625
Telephone: (813) 639-9366
Fax: (813) 639-9376

Benjamin Williams
**WILLIAMS LAW P.A.**
10752 Deerwood Park Blvd., #100
Jacksonville, Florida 32256
Telephone: (213) 615-1700
Fax: (213) 615-1750

Defendants are represented by the following attorneys:

Joan B. Tucker Fife
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Fax: (415) 591-1400

Tristan R. Kirk
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Fax: (213) 615-1750

Tiana Evans Pequette
**WINSTON & STRAWN LLP**
35 W. Wacker Dr.
Chicago, Illinois 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

Allegra J. Lawrence
Katherine L. Kendricks
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504

| 8. | Where Can I Get More Information? |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS,** you may contact Collective Counsel or Rust Consulting (the Settlement Administrator) by mail, email, facsimile, or at the telephone number listed below, toll free. You can also learn more about this Settlement by visiting [ADMINISTRATOR WEBSITE]. If you move after receipt of this Notice but before receipt of your settlement payment, please provide the Settlement Administrator with your new address.

Rust Consulting
[ADDRESS]
[PHONE]
[EMAIL ADDRESS]
[FAX]

This Notice is only a summary of the Lawsuit and the settlement.  For a more detailed statement of the matters involved in the Lawsuit and the settlement, you may refer to the pleadings, the Fair Labor Standards Act ("FLSA") Collective Action Settlement Agreement and Release, and other papers filed in this Lawsuit, which may be inspected at the Court located at 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 during regular business hours of each court day. You may also examine the records online on the Court's website: http://www.gand.uscourts.gov/. The documents filed in this case can be accessed through PACER at a minimal charge.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE CLERK OF THE COURT, OR THE JUDGE WITH QUESTIONS.**

# EXHIBIT B

**NOTICE OF COLLECTIVE ACTION SETTLEMENT**

*Austin, et al. v. N3 LLC, et al.,* Case No. 1:21-cv-01354-TWT (United States District Court for the Northern District of Georgia) (the "Action")

TO:    **COLLECTIVE MEMBERS - All persons who are or were previously employed by Defendants N3 LLC ("N3") and/or Accenture LLP ("Accenture") (together, "Defendants") as Business Development Representatives (I, II, or III), Inside Opportunity Managers, and Senior Inside Opportunity Managers who at any time during the period from March 25, 2019 to May 24, 2022: (a) worked at or were based out of N3's business location in Atlanta, Georgia; or (b) worked remotely within the state of Georgia for N3 or Accenture (to the extent Accenture becomes a successor to N3).**

> Deleted: [INSERT DATE OF FINAL APPROVAL]
> Deleted: (the "Collective Period")

**YOU MAY BE ENTITLED TO PAYMENT FROM A COLLECTIVE ACTION SETTLEMENT. YOUR LEGAL RIGHTS MAY BE AFFECTED WHETHER YOU ACT OR DO NOT ACT.**

**YOU WILL RECEIVE AN ESTIMATED AMOUNT OF $_____ IF YOU ELECT TO PARTICIPATE IN THE SETTLEMENT.**

**TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE PAYMENT, YOU MUST COMPLETE AND SUBMIT THE CONSENT TO JOIN/CLAIM FORM ATTACHED TO THIS NOTICE OF COLLECTIVE ACTION SETTLEMENT BY [INSERT RESPONSE DEADLINE].**

**PLEASE READ THIS NOTICE CAREFULLY:  IT MAY AFFECT YOUR LEGAL RIGHTS. THIS NOTICE OF COLLECTIVE ACTION SETTLEMENT AND ITS CONTENT HAVE BEEN APPROVED BY THE HONORABLE THOMAS W. THRASH JR. OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA.**

**THIS IS NOT AN ADVERTISEMENT. YOU ARE NOT BEING SUED.**

| 1. | Why Did You Get This Notice? |
|---|---|

A collective action settlement (the "Settlement") has been reached in the civil lawsuit entitled *Austin, et al. v. N3 LLC, et al.,* Case No. 1:21-cv-01354-TWT (United States District Court for the Northern District of Georgia (the "Court")) (the "Lawsuit"). The Court granted Final Approval of the Settlement pursuant to the Fair Labor Standards Act ("FLSA") on May 24, 2022.

> Deleted: [INSERT DATE OF FINAL APPROVAL]

You received this Notice of Collective Action Settlement (the "Notice") because the records of Defendants show that you performed work for Defendants as a Business Development Representative (I, II, or III), Inside Opportunity Managers, and/or Senior Inside Opportunity Manager and worked at or were based out of N3's business location in Atlanta, Georgia or worked remotely within the state of Georgia for N3 or Accenture at some time during the period from March 25, 2019 to May 24, 2022. All individuals who fall within that description are considered "Collective Members."[1] Because you fit this definition, **you may be entitled to receive money from this Settlement, as described below**.

> Deleted: [INSERT DATE OF FINAL APPROVAL]

---

[1] Note that Plaintiff and the Current Opt-In Plaintiffs are also "Collective Members" because they all previously opted into the Lawsuit.

-1-

| 2. | Why Should You Read This Notice? |
|----|----------------------------------|

As a Collective Member, you are entitled to compensation under the Settlement if you "opt in" to the Settlement. The purpose of this Notice is to: (1) describe the Lawsuit; (2) inform you of the terms of the Settlement; and (3) inform you of your right to participate in the Settlement.

| 3. | What Is the Lawsuit About? |
|----|----------------------------|

The Lawsuit alleges that, during the applicable time period, Defendants failed to pay Collective Members for alleged off-the-clock work that resulted in unpaid overtime and failed to properly calculate the regular rate of pay for overtime purposes by not including bonuses paid to Collective Members in the regular rate calculation.

The Lawsuit was filed by Plaintiff Kendon Austin ("Plaintiff") on April 4, 2021 and seeks recovery of unpaid wages, liquidated damages, and attorneys' fees and costs. The claims in the Lawsuit are brought under the FLSA.

Defendants contend that the wage and hour policies and practices at issue, including those regarding payment for time worked, overtime pay, and calculation of the regular rate are lawful and have been lawful throughout the relevant time period. Defendants also contend that Plaintiff's claims do not meet the requirements for collective action treatment.

This Settlement is the result of good faith, arm's length negotiations between Plaintiff and Defendants, through their respective attorneys. This Settlement is a compromise and is not an admission of liability on the part of Defendants. By agreeing to settle, Defendants do not admit, and expressly deny, liability on any of the factual allegations and/or claims in the Lawsuit.

The Court has not ruled on the merits of Plaintiff's claims or Defendants' defenses.

| 4. | What Is the Formula for Calculating My Estimated Individual Settlement Amount? |
|----|-------------------------------------------------------------------------------|

Under the Settlement, a formula was agreed to, and approved by the Court, which calculates and apportions Individual Settlement Payments based upon each Collective Member's pro-rata share of the overall wages paid to the Collective Members while working in a Collective Position[2] during the period from March 25, 2019 (or for Plaintiff and the Current Opt-In Plaintiffs from three (3) years prior to the date the individual opted in to the Lawsuit) to May 24, 2022 (the "Collective Period").

To determine each Collective Member's estimated Individual Settlement Payment: a) first, the total wages and bonuses paid to all Collective Members while working in a Collective Position during the Collective Period were calculated (the "Collective Period Wages"); b) second, each Collective Member's individual wages and bonuses earned during the Collective Period while working in a Collective Position were tallied (the "Individual Wages"); c) third, each Collective Member's Individual Wages were then divided by the Collective Period Wages to create a pro-rata, percentage for each Collective Member (the "Collective Member Pro Rata Share"); and d) lastly, each Collective Member's estimated Individual Settlement Payment was calculated by multiplying each individual's Collective Member Pro Rata Share by the Net Settlement Fund.

Based on Defendants' records, your Individual Wages were $ _____. Your Individual Wages amount represents the total wages and bonuses you earned while working for Defendants as a Business Development Representative (I, II, or III), Inside Opportunity Manager, and/or Senior Opportunity Manager based out of N3's business location in Atlanta, Georgia or remotely based within the state of Georgia during the time period from March 25, 2019 to May 24, 2022. Your Individual Wages amount do not include any wages or bonuses you earned in any position other than Business Development Representative (I, II, or III), Inside Opportunity

**Deleted:** [INSERT DATE OF FINAL APPROVAL]

---

[2] "Collective Position" means Business Development Representative (I, II, or III), Inside Opportunity Manager, and Senior Opportunity Manager based out of N3's business location in Atlanta, Georgia or based remotely within the state of Georgia for N3 or Accenture (to the extent Accenture becomes a successor to N3).

Manager, and/or Senior Opportunity Manager or you earned when working at and/or based out of a different location.

Using your Individual Wages, this formula results in an estimated Individual Settlement Payment to you of approximately $_____.

Should you choose to participate in this Settlement by taking steps set forth below, one-half of your Individual Settlement Payment amount will be treated as wages for which you will be issued an IRS Form W-2 and the other half will be treated as penalties/liquidated damages for which you will be issued an IRS Form 1099. All claimed Individual Settlement Payment amounts will be transmitted to a third-party Settlement Administrator agreed to by the Parties and approved by the Court after the response deadline has passed.

| 5. | What Are My Options? |
|----|----------------------|

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Ask To Be Included / Opt In** | <u>Complete and Timely Submit a Consent to Join/Claim Form.</u><br><br>To receive money from the Settlement, you must submit the attached Consent to Join/Claim Form postmarked by or email date and timestamped by [INSERT RESPONSE DEADLINE]. The Consent to Join/Claim Form must be sent, via U.S. Mail or email, to the Settlement Administrator at [INSERT SETTLEMENT ADMINISTRATOR ADDRESS / EMAIL ADDRESS]. If you timely and validly opt in to the Settlement, you will become a Participating Collective Member and receive your Individual Settlement Payment, and will be bound by the Settlement including its release provisions (as described below).<br><br>*You must, however, keep a current address on file with the Settlement Administrator to ensure receipt of your award.* |
| **Do Nothing** | If you do not timely and validly opt-in to the Settlement by submitting a Consent to Join/Claim Form to the Settlement Administrator, you will not be entitled to any Settlement payment, you will not be bound by the Settlement, and you will not have any right to appeal or comment on the Settlement. |
| **Legal Representation if You Join** | If you choose to join the Lawsuit and Settlement by submitting a Consent to Join/Claim Form, you will be represented Plaintiff Kendon Austin through his attorneys as counsel for the putative collective. By opting in, you specifically authorize Defendants to send your Individual Settlement Payment amount to the Settlement Administrator for disbursement to you. |

| 6. | Who Will Represent Me if I Opt In? |
|----|-----------------------------------|

Plaintiff Kendon Austin has hired the law firms of Feldman Legal Group and Williams Law P.A. to represent his interests and those who opt in and elect to utilize these firms as well. You will not have to pay any attorneys' fees for this representation. The attorneys are receiving a percentage of the recovery in this Lawsuit. If you elect to utilize these firms, they will represent you for purposes of only the claims being settled in the Settlement.

You are not required to hire Feldman Legal Group and/or Williams Law P.A. You may represent yourself or hire independent counsel.

| 7. | What Are the Releases? |
|----|------------------------|

Releases.  By opting into the Lawsuit and Settlement, you, on behalf of yourself and your heirs and assigns, will release N3 LLC and Accenture LLP and all of their former, present or future parents, affiliates, and/or subsidiary corporations; each of the foregoing's present, former, or future owners, officers, directors, shareholders, partners, employees, insurers, reinsurers, successors, predecessors, principals, heirs, representatives, accountants, auditors, consultants, contractors, assigns, and managing agents; any and all agents, legal representatives, managing agents, and/or attorneys of all of the foregoing entities or individuals; and any entities alleged to be joint employers with N3 LLC and/or Accenture LLP (collectively, the "Released Parties") from the following rights or claims (the "Released Collective Claims"):

- Any and all claims, known or unknown, that were or could have been asserted based on any of the facts or allegations asserted in the Complaint filed in the Action on April 4, 2021, including but not limited to (i) any and all wage and hour claims under the Fair Labor Standards Act or any state law regulating the payment of wages, including but not limited to any claim for overtime or minimum wages, (ii) any and all claims relating to the calculation of the regular rate of pay for any purpose, including overtime, (iii) claims for wages, minimum wages, straight time wages, overtime pay, or meal or rest breaks, and (iv) any and all claims for unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief;

- All claims for wages or compensation due for services; and

- All claims that are based on or relate to the purported payment or nonpayment of compensation (including but not limited to wages and overtime [including the calculation thereof]) and/or meal period or rest break violations.

By opting into the Lawsuit and Settlement, you release the Released Parties from the Released Collective Claims set forth above through [the later of: (i) the date of the Court's Final Approval of the Settlement, (ii) the date the Notice Packet is sent to Collective Members, or (iii) the date a Collective Member submits a proper and timely Consent to Join/Claim Form to the Settlement Administrator to opt in to the Action and Settlement].

| 8. | Will Defendants Retaliate Against Me for Participating in the Settlement? |
|---|---|

No. Defendants will not fire, punish, or otherwise retaliate against you because you choose to participate or not participate in this Settlement. Your decision as to whether or not to participate in the Settlement will in no way affect your work or employment with Defendants.

| 9. | Who Are the Attorneys Representing the Parties in the Lawsuit? |
|---|---|

Plaintiff and Collective Members are represented by the following attorneys acting as Collective Counsel:

Mitchell L. Feldman
**FELDMAN LEGAL GROUP**
6916 W. Linebaugh Avenue, Suite 101
Tampa, Florida 33625
Telephone: (813) 639-9366
Fax: (813) 639-9376

Benjamin Williams
**WILLIAMS LAW P.A.**
10752 Deerwood Park Blvd., #100
Jacksonville, Florida 32256
Telephone: (213) 615-1700
Fax: (213) 615-1750

Defendants are represented by the following attorneys:

Joan B. Tucker Fife
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Fax: (415) 591-1400

Tristan R. Kirk
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 615-1700
Fax: (213) 615-1750

Tiana Evans Pequette
**WINSTON & STRAWN LLP**
35 W. Wacker Dr.
Chicago, Illinois 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

Allegra J. Lawrence
Katherine L. Kendricks
**LAWRENCE & BUNDY LLC**
1180 West Peachtree Street, NW, Suite 1650
Atlanta, Georgia 30309
Telephone: (404) 400-3350
Fax: (404) 609-2504

| 10. | Where Can I Get More Information? |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS,** you may contact any of the attorneys listed above, counsel of your choice, or Rust Consulting (the Settlement Administrator) by mail, email, facsimile, or at the telephone number listed below, toll free. You can also learn more about this Settlement by visiting [ADMINISTRATOR WEBSITE]. If you move after receipt of this Notice but before receipt of your settlement payment, please provide the Settlement Administrator with your new address.

Rust Consulting
[ADDRESS]
[PHONE]
[EMAIL ADDRESS]
[FAX]

This Notice is only a summary of the Lawsuit and the settlement. For a more detailed statement of the matters involved in the Lawsuit and the settlement, you may refer to the pleadings, the Fair Labor Standards Act ("FLSA") Collective Action Settlement Agreement and Release, and other papers filed in this Lawsuit, which may be inspected at the Court located at 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 during regular business hours of each court day. You may also examine the records online on the Court's website: http://www.gand.uscourts.gov/. The documents filed in this case can be accessed through PACER at a minimal charge.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE CLERK OF THE COURT, OR THE JUDGE WITH QUESTIONS.**

-6-